# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

MIGANO ABDI,

    Plaintiff,

vs.

IOWA DEPARTMENT OF HUMAN SERVICES,

    Defendant.

No. C15-4037-MWB

**ORDER**

    This matter is before the court following transfer from the United States District Court for the District of Columbia. Such transfer occurred on April 10, 2015. The clerk's office filed the plaintiff's case in this district on May 6, 2015. Prior to the case being transferred, the plaintiff submitted an application to proceed in forma pauperis (docket no. 2) and a letter (docket no. 1), which the clerk's office construed as a complaint. The plaintiff's letter is not sufficient to commence an action. *See* Fed. R. Civ. P. 3 (indicating a civil action is commenced by filing a complaint); *see also* Fed. R. Civ. P. 8 (addressing general rules of pleading). Consequently, the court is unsure what type of action, if any, that the plaintiff is trying to commence. Further, to the extent that the plaintiff is attempting to rely on 42 U.S.C. § 1983, the plaintiff cannot proceed any further against the Iowa Department of Human Services because a "person" who is subject to suit under 42 U.S.C. § 1983 does not include states or their political subdivisions, *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-71 (1989) (holding that a state and its agencies are not "persons" within the meaning of 42 U.S.C. § 1983); *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (making clear that a claim for damages under 42 U.S.C. § 1983 may not be asserted against a state or an arm of the state), and sovereign immunity under the Eleventh Amendment bars a suit brought solely against the state or an

agency of the state, *see Brown v. Ark. Dep't of Human Servs.*, 452 F. App'x 690, 691 (8th Cir. 2011 (applying Eleventh Amendment), *Morstad v. Dep't of Corrections and Rehabilitation*, 147 F.3d 741, 743-44 (8th Cir. 1998) (same); *Williams v. Missouri*, 973 F.2d 599, 599-600 (8th Cir. 1992) (per curiam) (same). Moreover, this case appears to be related to ongoing state court proceedings. *See Guardianship of Fatuma Abdi*, Case # GCPR066816 (Polk Cnty. Dist. Ct. 201_).[1] But, the plaintiff is unable to rely on 42 U.S.C. § 1983 to call into question the termination of his parental rights. *See, e.g.*, *Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003) (concluding *Rooker-Feldman* doctrine bared the district court from considering plaintiff's claim that the state court unconstitutionally infringed on his parental rights); *Amerson v. Iowa*, 94 F.3d 510, 513 (8th Cir. 1996) (reviewing abstention principles and determining the district court lacked authority to review the state court termination of plaintiff's parental rights); *see also Ankenbrandt v. Richards*, 504 U.S. 689, 701-02 (1992) (noting that claims seeking to restore a child to the custody of a parent are within the subject of domestic relations, which belongs to the states); *More v. Child Support Recovery*, 383 F. App'x 574, 575 (8th Cir. 2010) (emphasizing that *Rooker-Feldman* doctrine bars cases brought by state-court losers complaining of injuries caused by state-court judgments); *Lannan v. Maul*, 979 F.2d 627, 630-31 (8th Cir. 1992) (discussing *Ankenbrandt* and noting that the domestic relations exception is narrow and "divests federal courts of power to issue divorce, alimony decrees

---

[1] Iowa state court criminal and civil records may be accessed online at: http://www.iowacourts.gov/For_the_Public/Court_Services/Docket_Records_Search/index.asp. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

and child custody orders"). In light of the foregoing, this action is dismissed without prejudice.

**IT IS SO ORDERED.**

**DATED** this 31st day of August, 2015.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA